Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
8032 West Third Street, Suite 201
Los Angeles, CA 90048
Tel  323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL RUBENSTEIN, | CASE NO.: |
| Plaintiff, | |
| v. | COMPLAINT FOR DAMAGES |
| EQUIFAX, INC. and DOES 1 through 10 inclusive, | |
| Defendants. | |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant, EQUIFAX, INC., alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for the Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., (hereinafter referred to as the "FCRA").

# PARTIES

2. Plaintiff is a natural person residing in Los Angeles County, California.

3. Upon information and belief, Defendant Equifax, Inc. ("Defendant Equifax") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f), that is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

# JURISDICTION

4. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. § 1681p. Venue is proper in this Court pursuant to 15 U.S.C. §§ 1391(b) and (c) as well as 28 U.S.C. §1367.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT EQUIFAX**

5. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

6. That the Franchise Tax Board of California erroneously caused a tax lien, File No. 20131582364 in the amount of $3,087.00 (hereinafter referred to as the "lien"), to be recorded and reported on Plaintiff's credit reports, including those generated and disseminated by Defendant Equifax.

7. That the Franchise Tax Board of California confirmed that the lien was recorded in error on October 24, 2014.

8. That on or about July 2015 through September 2015, Plaintiff disputed the erroneous reporting caused by Defendant Equifax on multiple occasions.

9. That as part of his dispute, Plaintiff advised Defendant Equifax that the lien is an **"erroneous and false record."**

10. That Plaintiff further advised Defendant Equifax that the lien was filed **"in ERROR and therefore should be removed entirely from my report. It is not a simple RELEASE**

**as your reporting, but a RELEASE LEIN RECORDED IN ERROR (sic)."**

**(emphasis in the original)**

11. That subsequent to Plaintiff's dispute, Defendant mailed Plaintiff a letter dated July 14, 2015 and notified Plaintiff, in pertinent part: **"We have reviewed the lien information…The results are: This item has been updated to report satisfied/released…"**

12. That in response to Defendant Equifax's letter dated July 14, 2015, Plaintiff mailed Defendant Equifax another dispute letter dated July 31, 2015 in which he reiterated the same information as his prior dispute.

13. That Plaintiff mailed Defendant Equifax another dispute letter dated September 1, 2015.

14. That notwithstanding Plaintiff's numerous dispute letters, Defendant Equifax continued to report the lien erroneously on Plaintiff's credit report on or about September 8, 2015.

15. That Defendant mailed Plaintiff a letter dated September 10, 2015 and notified Plaintiff, in pertinent part: **"We have reviewed the lien information…The results are: This lien is currently reporting as released…"**

16. That on or about September 18, 2015, Plaintiff also received a credit alert from American Express advising him that not only did the lien remain on his credit report, but that it was being reported as active and valid and/or released.

17. That on or about October 8, 2015, Defendant Equifax continued to erroneously report the lien on Plaintiff's credit report.

18. That as of November 2015, Defendant Equifax continues to erroneously report the lien on Plaintiff's credit report.

19. That upon Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Defendant Equifax did not evaluate or consider any of Plaintiff's information and claims and did not make any attempt to substantially or reasonably verify the representations made by the Franchise Tax Board of California.

20. That in the alternative to the allegation that Defendant Equifax failed to contact the Franchise Tax Board of California, Plaintiff alleges that Defendant Equifax did forward

notice of the dispute to the Franchise Tax Board of California yet failed to conduct a lawful investigation.

21. That Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they maintain and publish with regard to the Plaintiff.

22. That as a result of this conduct, action and inaction of Defendant Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

23. That the conduct, action and inaction by Defendant Equifax was willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendant Equifax was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

24. That Plaintiff is entitled to recover costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT EQUIFAX**

25. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

26. That Defendant Equifax violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful investigation; by failing to forward all relevant information to the Franchise Tax Board of California; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source that it has reason to know is unreliable.

27. That as a result of this conduct, action and inaction of Defendant Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit;

and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

28. That the conduct, action and inaction by Defendant Equifax was willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendant Equifax was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

29. That Plaintiff is entitled to recover costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a) Statutory damages, actual damages and punitive damages pursuant to 15 U.S.C. §1681 et seq in an amount to be determined at the time of trial on the first cause of action.

(b) Statutory damages, actual damages and punitive damages pursuant to 15 U.S.C. §1681 et seq in an amount to be determined at the time of trial on the second cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

(d) For such other and further relief as may be just and proper.

(e) Plaintiff requests trial by jury on all issues so triable.

Dated: December 8, 2015                             AMIR J. GOLDSTEIN, ESQ.

                                                                                                /S/ Amir J. Goldstein
                                                                                               Amir J. Goldstein
                                                                                               Attorney for Plaintiff